EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| | 2020 TSPR 91 |
| Julio Aldea Irizarry (TS-4892) | 204 DPR _____ |

Número del Caso: AB-2003-252

Fecha: 29 de julio de 2020

Oficina de Inspección de Notarías:

    Lcda. Carmen H. Carlo
    Directora

    Lcdo. Manuel E. Ávila De Jesús
    Director

Abogado del Promovido:

    Por derecho propio

Materia: La suspensión será efectiva el 25 de agosto de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio Aldea Irizarry                    AB-2003-252

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de julio de 2020.

Una vez más ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN), así como con las órdenes de este Tribunal. Ante la conducta demostrada en el trámite que exponemos a continuación, nos vemos obligados a decretar la suspensión inmediata e indefinida del Lcdo. Julio Aldea Irizarry del ejercicio de la abogacía y la notaría.

I.

El Lcdo. Julio Aldea Irizarry (licenciado Aldea Irizarry o promovido) fue admitido al ejercicio de la abogacía el 11 de diciembre de 1975 y juramentó como notario el 9 de agosto de 1976.

El 6 de diciembre de 2002 el licenciado Aldea Irizarry autorizó la Escritura Número seis (6) sobre segregación, partición de herencia y donación (Escritura). El 25 de noviembre de 2003, el Sr. José Gómez Román (señor Gómez Román o quejoso) presentó una queja contra el licenciado Aldea Irizarry relacionada a la Escritura. Alegó que el promovido se negó a entregarle copia certificada de la Escritura junto con los documentos complementarios. El 26 de enero de 2004 el licenciado Aldea Irizarry contestó la queja. Expuso que estaba esperando que el Departamento de Hacienda emitiera un relevo en cuanto a la donación que se efectuó en la Escritura para entonces presentar una copia certificada de la misma en el Registro de la Propiedad (Registro). Al respecto, informó que el Departamento de Hacienda requirió que cada donante presentara las planillas individuales y que así se lo comunicó a la administradora de la sucesión.

El 21 de junio de 2005 la entonces Directora de la Oficina de Inspección de Notarías, la Lcda. Carmen H. Carlos, presentó un *Informe* sobre la queja y su contestación. En este, advirtió que ambas partes debían actuar con diligencia para evitar retrasar la presentación de la Escritura en el Registro. Además, señaló que la Escritura adolecía de varios defectos que el licenciado Aldea Irizarry debía corregir.

Así las cosas, el 9 de diciembre de 2005 este Tribunal emitió una Resolución mediante la cual concedió un término de treinta (30) días al licenciado Aldea Irizarry para que reaccionara al *Informe* de la ODIN y para que informara a este

Tribunal sobre las gestiones que realizó para presentar la Escritura en el Registro. El 17 de enero de 2006 el promovido presentó una *Moción Informativa* donde indicó que corrigió los errores que la ODIN señaló en su *Informe*. Sin embargo, alegó que cuando acudió al Registro para presentar la Escritura, le indicaron que faltaban unos documentos para poder inscribirla. El licenciado Aldea Irizarry expresó que los radicaría próximamente.

El 9 de junio de 2006 este Tribunal emitió una Resolución donde se le concedió un término de quince (15) días al licenciado Aldea Irizarry para informar si completó las gestiones pendientes. Así las cosas, el 21 de junio de 2006 el licenciado Aldea Irizarry presentó otra *Moción informativa* mediante la cual notificó que presentó todos los documentos necesarios para inscribir la Escritura en el Registro.

Luego de varios trámites procesales, el 14 de diciembre de 2007 este Tribunal emitió una Resolución concediéndole al promovido un término de quince (15) días para informar el estatus sobre la determinación, si alguna, del Registro en cuanto a la inscripción de la Escritura. El licenciado Aldea Irizarry compareció y señaló que tenía que corregir unas deficiencias relacionadas a unas colindancias de los terrenos de uso público. Este Tribunal, mediante Resolución del 19 de febrero de 2008, se dio por enterado y le instruyó a continuar informando al Tribunal sobre cualquier determinación que tomara el Registrador de la Propiedad al respecto.

El 7 de abril de 2009 el quejoso compareció nuevamente. Indicó que había transcurrido un año desde que se le solicitó al licenciado Aldea Irizarry mantener informado al Tribunal sobre la encomienda pendiente en el Registro. Además, señaló que acudió al Registro en enero de ese mismo año y se le notificó que la Escritura aún no había sido inscrita.

El 26 de junio de 2009 el licenciado Aldea Irizarry compareció y notificó que el 5 de marzo de 2009 presentó nuevamente los documentos en el Registro y que se encontraban pendientes de inscripción. Así las cosas, y luego de más de tres (3) años sin que el promovido compareciera, el 20 de septiembre de 2012 emitimos una Resolución ordenándole al promovido que informara sobre la determinación que tomó el Registro. El licenciado Aldea Irizarry compareció el 11 de octubre de 2012 para informar que, debido a un atraso en el Registro, la Escritura no se había inscrito.

El 12 de noviembre de 2015 otorgamos al promovido un **término final** de diez (10) días para que informase las gestiones que realizó para lograr inscribir la Escritura. Por su parte, el promovido compareció y planteó que seguía en espera de que el Registro inscribiese la Escritura. El 10 de junio de 2016 este Tribunal emitió un Resolución concediéndole un término de quince (15) días para someter una certificación registral actualizada de las fincas objeto de la partición hereditaria. Esto, debido a que la

certificación registral que acompañó a la moción data del 2009.

El 4 de octubre de 2016 la ODIN presentó en la Secretaría de este Tribunal una carta del promovido con fecha del 30 de junio de 2016. La ODIN señaló que el promovido envió la carta a la ODIN en lugar de a este Tribunal, como correspondía. En esa carta, el licenciado Aldea Irizarry señaló que obtener la certificación que solicitamos tomaría de treinta (30) a sesenta (60) días. Este Tribunal, mediante una Resolución del 18 de octubre de 2016, se dio por enterado y le concedió un término **final e improrrogable** de diez (10) días para que sometiera la certificación en cuestión. Además, le recordó al promovido que debía someter los documentos que le solicitamos ante este Tribunal y no ante la ODIN.

Luego de varios trámites procesales, emitimos una Resolución el 23 de febrero de 2017 mediante la cual indicamos que las comunicaciones que el promovido presentó a la ODIN no bastaban para dar por cumplida nuestra Resolución del 10 de junio de 2016. En consecuencia, le otorgamos un **término final e improrrogable** de cinco (5) días para cumplir con nuestra Resolución del 10 de junio de 2016. Además, recordamos al promovido que la queja se presentó en el 2003 y que incumplir con esta Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

El 21 de marzo de 2017, la ODIN presentó una *Moción informativa* ante este Tribunal en la que señaló que el promovido sometió una carta con fecha del 7 de febrero de 2017. La ODIN recibió la carta el 13 de marzo de 2017. La ODIN anejó a la *Moción informativa* la carta que entregó el licenciado Aldea Irizarry, mediante la cual el promovido indicó que -según el Supervisor del Registro- la Escritura en cuestión adolecía de defectos que impedían su inscripción, por lo cual se encontraba corrigiendo las deficiencias señaladas para someterla nuevamente al Registro. Al día de hoy, el licenciado Aldea Irizarry no ha comparecido para cumplir con las Resoluciones del 10 de junio y 18 de octubre de 2016 y 23 de febrero de 2017, o excusar su incumplimiento.

II.

Como es sabido, este Tribunal tiene el poder inherente tanto para reglamentar la admisión a la profesión jurídica como para disciplinar a sus miembros que violen los Cánones del Código de Ética Profesional. In re Fontánez Fontánez, 181 DPR 407 (2011). Los Cánones que componen este Código recogen las normas mínimas de conducta que rigen a los miembros de la profesión. In re Marín Serrano, 197 DPR 535 (2017).

En lo pertinente a este caso, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, establece que los abogados deben "observar para con los tribunales una conducta

que se caracterice por el mayor respeto". En ese sentido, "es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y a las órdenes de este Tribunal, **particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional**". In re Irizarry Irizarry, 190 DPR 368, 374 (2014) (Énfasis suplido). La desatención o incumplimiento con las órdenes de este Tribunal es una falta a la autoridad que constituye una clara violación al Canon 9, supra. In re Dávila Toro, 193 DPR 159, 163 (2015). Al respecto, hemos puntualizado que "el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados". In re Irizarry Irizarry, supra, pág. 375.

Por último, y como hemos reiterado en un sinnúmero de ocasiones, el deber de cumplir con nuestras órdenes es independiente a los méritos de la queja presentada. Íd. Por tal razón, cuando un abogado o abogada ignora ese requerimiento, procede su suspensión inmediata de la abogacía. In re Molinary Machado, 2019 TSPR 142, pág. 4.

III.

Evaluado el trámite ante nuestra consideración, es forzoso concluir que el licenciado Aldea Irizarry incumplió

con las Resoluciones que este Tribunal emitió el 10 de junio y 18 de octubre de 2016, donde se le otorgó quince (15) días y diez (10) días, respectivamente, para que sometiera una certificación registral. El 23 de febrero de 2017 emitimos una tercera Resolución, donde se le otorgó un **término final e improrrogable** de cinco (5) días para cumplir con lo que ordenamos en las dos Resoluciones anteriores. No obstante, el promovido no ha comparecido.

Es evidente que el licenciado Julio Aldea Irizarry desatendió nuestras órdenes. Este Tribunal brindó tres oportunidades al promovido y le apercibió que su incumplimiento podría acarrear su suspensión de la profesión. Han transcurrido casi tres (3) años desde que se le ordenó al licenciado Aldea Irizarry que –en un término de cinco (5) días– presentase una certificación registral actualizada. Esa conducta de desdén en sí misma constituye un incumplimiento craso con el Canon 9 del Código de Ética Profesional, *supra*, particularmente cuando ocurre en un procedimiento disciplinario que lleva pendiente desde el 2003.

## IV.

Por los fundamentos antes expuestos, nos vemos obligados a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Aldea Irizarry. Se le impone el deber de notificar a todos sus clientes sobre

su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Los fundamentos por los cuales suspendemos al licenciado Aldea Irizarry hacen innecesario entrar a adjudicar las alegaciones específicas de la queja que se instó ante nos. No obstante, este Tribunal advierte que han transcurrido más de 16 años desde que el señor Gómez Román presentó la queja en su contra, y aún el licenciado Aldea Irizarry no ha logrado inscribir la Escritura en el Registro. Esta situación debe ser objeto de especial evaluación si en algún momento el licenciado solicita reinstalación al ejercicio de la abogacía, y en especial a la notaría.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Aldea Irizarry y entregarlos al Director de la ODIN para la investigación e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada.

Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Aldea Irizarry.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio Aldea Irizarry
    (TS-4892)

*Queja*

AB-2003-252

SENTENCIA

En San Juan, Puerto Rico, a 29 de julio de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Julio Aldea Irizarry. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Aldea Irizarry y entregarlos al Director de la ODIN para la investigación e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo,

la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Aldea Irizarry.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                             Secretario del Tribunal Supremo