EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Juan A. Pizá Ramos | 2020 TSPR 92<br><br>204 DPR _____ |
|---|---|

Número del Caso:  TS-11,801


Fecha:  31 de julio de 2020


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González

Lcdo. Juan A. Pizá Ramos:

    Por derecho propio


Materia:  La suspensión será efectiva el 26 de agosto de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Pizá Ramos

TS-11,801

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de julio de 2020.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida del Lcdo. Juan A. Pizá Ramos (licenciado Pizá Ramos) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con los de este Tribunal.

I

El licenciado Pizá Ramos fue admitido al ejercicio de la abogacía el 15 de enero de 1997 y a la notaría el 4 de marzo de 1998. El 13 de diciembre de 2018, la Lcda. María C. Molinelli González, Directora Ejecutiva del PEJC, presentó un *Informe sobre incumplimiento con el requisito de Educación Jurídica Continua* refiriendo el asunto a nuestra atención. En este detalló que el licenciado Pizá Ramos incumplió con los requisitos reglamentarios referentes al periodo del 1 de

noviembre de 2011 al 31 de octubre de 2013. Además, esbozó que tampoco había cumplido con los requisitos del PEJC de los periodos posteriores. Por otra parte, informó que desatendió los requerimientos del PEJC y desaprovechó las múltiples oportunidades concedidas para subsanar el incumplimiento.

El 9 de enero de 2019, emitimos una Resolución concediéndole un término de veinte (20) días al licenciado Pizá Ramos para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

El 29 de enero de 2019, el licenciado Pizá Ramos presentó *Contestación a Informe sobre Incumplimiento* y expuso que no tenía conocimiento sobre los créditos adeudados y que no recibió ningún tipo de citación por parte del PEJC para una Vista Informal para dilucidar este asunto. Por otra parte, indicó que su caso no está maduro y que no se está ante un caso de incumplimiento voluntario de su parte, sino más bien **una falta de notificación adecuada en tiempo y forma por parte del PEJC.** Por último, nos solicitó que: (1) demos por cumplida la Orden; (2) determinemos que no hubo incumplimiento voluntario; (3) lo eximamos de tener que establecer el cumplimiento para el periodo de 2009-2011,[1] por

---

[1] Surge de la *Contestación a Informe sobre Incumplimiento* que el Lcdo. Juan A. Pizá Ramos no había cumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC) para el periodo de 2009-2011.

haber transcurrido demasiado tiempo para poder evidenciarlo; (4) devolvamos el caso ante el PEJC para que se determine exactamente cuántos créditos se han registrado y para qué periodo, y (5) le concedamos un término razonable para cumplir con los créditos que faltan.

El 26 de febrero de 2019, emitimos una Resolución concediéndole un término de sesenta (60) días, al licenciado Pizá Ramos para que cumpliera con todos los cursos requeridos y que presentara la Certificación de cumplimiento emitida por el PEJC. El 8 de mayo de 2019, el licenciado Pizá Ramos compareció mediante *Moción en Cumplimiento de Orden y Solicitud de Tiempo Adicional*. En síntesis, solicitó un término adicional para poder cumplir con los requisitos del PEJC y expresó tener un interés genuino de cumplir con los créditos que faltan.

Tras examinar la Moción presentada por el licenciado Pizá Ramos, el 16 de julio de 2019, emitimos una Resolución concediéndole un término adicional de sesenta (60) días para cumplir con los requerimientos del PEJC. Así las cosas, el 29 de octubre de 2019, el licenciado Pizá Ramos presentó *Solicitud de Tiempo Adicional* y nos indicó que no ha podido completar la totalidad de los créditos por razones económicas y de salud. Por lo tanto, nos solicitó una prórroga adicional a los fines de completar los cursos que le faltan.

Luego de evaluar la Solicitud presentada por el licenciado Pizá Ramos, el 15 de noviembre de 2019 emitimos una Resolución en la que le concedimos un término final e

improrrogable de sesenta (60) días al licenciado Pizá Ramos para que cumpliera con todos los requerimientos del PEJC y para que presentara la Certificación de cumplimiento emitida por el Programa. Esbozamos que el incumplimiento con nuestra Resolución podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la profesión.

Así las cosas, el 12 de marzo de 2020, compareció ante nos la Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, mediante una *Certificación* de la cual se desprende que el licenciado Pizá Ramos aún continúa incumpliendo con los requerimientos del PEJC. Específicamente los periodos del 1 de noviembre 2011 al 31 de octubre de 2013, el 1 de noviembre de 2013 al 31 de octubre de 2016 y el 1 de noviembre de 2016 al 31 de octubre de 2019. Esto añadido a que no cumplió con el pago de las multas por cumplimiento tardío correspondiente a esos periodos y con el pago de la multa de $100.00 por referido que le fue impuesta a tenor con la Regla 32(D) del Reglamento del PEJC, 4 LPRA Ap. XVII-D. [2]

## II

Con el fin de viabilizar una representación legal adecuada para toda persona, el Canon 2 del Código de Ética Profesional requiere que el abogado mantenga "un alto grado de excelencia y competencia en su profesión a través del

---

[2] El 24 de julio de 2020, nos comunicamos con el Programa de Educación Jurídica Continua (PEJC) para validar los periodos adeudados. Según nos indicaron, el Lcdo. Juan A. Pizá Ramos aún continuaba adeudando los mismos periodos. En adición, a no cumplir con el pago de las multas por cumplimiento tardío correspondiente a esos periodos y con el pago de la multa de $100.00 por referido que le fue impuesta a tenor con la Regla 32(D) del Reglamento del PEJC.

estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX.

En aras de lograr dicho objetivo, esta Curia adoptó el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. El Reglamento de Educación Jurídica Continua requiere a los miembros de la profesión legal a tomar al menos veinticuatro (24) horas créditos en cursos de educación jurídica continua acreditados cada tres (3) años. Además, estableció que los profesionales del Derecho que cumplen con los requisitos del PEJC tardíamente, deben presentar un Informe con las razones por las cuales incumplieron, así como pagar una multa por cumplimiento tardío. Regla 30 del Reglamento del PEJC, supra. *In re Landrón Hernández*, 2019 TSPR 41; *In re Cepero Rivera et al.*, 2015 TSPR 119.

En repetidas ocasiones hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Landrón Hernández, supra; In re López Santos*, 2016 TSPR 37; *In re Cepero Rivera et al.*, supra. Por esa razón, este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re García Salgado*, supra; *In re Rivera Trani*, 188 DPR 454 (2013).

Reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio a nuestra autoridad e infringe el Canon 9. *In re López González*, *et al.*, 2015 TSPR 107; *In re De Jesús Román,* 192 DPR 799 (2015). Además, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión de todo abogado que no atienda con diligencia nuestros requerimientos y se muestre indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.,* supra.

III

Por medio de su *Informe sobre incumplimiento con el requisito de Educación Jurídica Continua*, el PEJC detalló los esfuerzos que realizó para requerirle el cumplimiento al licenciado Pizá Ramos. No obstante, dichos esfuerzos resultaron infructuosos, por lo que ha tenido que solicitar nuestra intervención.

Surge del expediente que, a pesar de que le hemos concedido varias oportunidades al licenciado Pizá Ramos para que cumpla con los requerimientos del PEJC y de este Tribunal, este no ha cumplido con los mismos ni ha solicitado el cambio de estatus a abogado inactivo en el Registro Único de Abogados y Abogadas de Puerto Rico.

Por ello, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Juan A. Pizá Ramos. Por consiguiente, se le impone el deber de

notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Pizá Ramos

TS-11,801

SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2020.

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Juan A. Pizá Ramos. Por consiguiente, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo