EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Pablo Colón Rivera | 2021 TSPR 19 206 DPR _____ |

Número del Caso: TS-17,699

Fecha: 18 de febrero de 2021

Sr. Pablo Colón Rivera:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcda. María C. Molinelli González

Materia: La suspensión será efectiva el 19 de febrero de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pablo Colón Rivera

TS-17,699

PER CURIAM

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica que ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

I

El Lcdo. Pablo Colón Rivera fue admitido al ejercicio de la abogacía el 9 de febrero de 2010. El 12 de abril de 2019, el Programa de Educación Jurídica Continua (PEJC) nos presentó un *Informe sobre Incumplimiento con el Requisito de Educación Jurídica*

*Continua*, en el cual informó que el letrado no había cumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de junio de 2014 al 31 de mayo de 2017. Además, refirió a nuestra atención que el 8 de febrero de 2018 y el 9 de julio de 2018, le envió al licenciado Colón Rivera un *Aviso de Incumplimiento*. En ambas ocasiones, le otorgó, entre otras alternativas, sesenta días adicionales para completar los requisitos reglamentarios para el periodo 2014-2017 y pagar la multa por cumplimiento tardío, a tenor con el Reglamento del Programa de Educación Jurídica Continua. Ambos términos vencieron y el letrado no cumplió con lo requerido.

Transcurrido un periodo razonable sin que el abogado cumpliera con lo requerido y luego de analizar el Informe, el 28 de mayo de 2019, emitimos una *Resolución* concediéndole al letrado un término de veinte días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

El 11 de junio de 2019, el licenciado compareció ante nos, se disculpó por el incumplimiento y nos solicitó que le proveyéramos el término necesario para cumplir con lo requerido. Examinada la comparecencia, le concedimos un término de treinta días para cumplir con todos los

requerimientos del PEJC y presentar la correspondiente certificación de cumplimiento. No obstante, el letrado volvió a incumplir, por lo que el 11 de diciembre de 2019, emitimos una *Resolución* en la cual le concedimos un término **final de treinta días** para cumplir con todos los requisitos, pagar las multas correspondientes y someter evidencia del cumplimiento.

Transcurrido el término, el PEJC nos certificó que el letrado completó los créditos de educación continua que adeudaba para el periodo 2014-2017. Sin embargo, el abogado no nos acreditó dicho cumplimiento, a pesar de que se lo requerimos mediante Resolución en dos ocasiones.

En vista de esto, el 30 de octubre de 2020 emitimos una *Resolución*, donde le concedimos al licenciado Colón Rivera un término **final e improrrogable de veinte días**, para que acreditara, a través de la correspondiente certificación, el pago de las multas por el cumplimiento tardío con los requisitos de educación continua. Además, le apercibimos de que cualquier incumplimiento futuro podría dar paso a sanciones, incluyendo la suspensión de la práctica de la profesión.

Así, el 6 de noviembre de 2020 el letrado compareció ante este Tribunal. Este presentó copia del cheque enviado para acreditar el pago de las correspondientes multas. No obstante, el 16 de noviembre de 2020 el PECJ emitió una *Certificación*. En ella nos informó que el

licenciado Colón Rivera incumplió los requisitos reglamentarios del Programa de Educación Jurídica Continua para el periodo 2017-2020, pues no había cumplido con 19.55 créditos de los requeridos.

Examinada la *Certificación*, el 23 de noviembre de 2020 emitimos una *Resolución*, concediéndole un término de sesenta días para cumplir con los requisitos reglamentarios para el periodo 2017-2020 y presentar certificación del cumplimiento. De igual modo, una vez más le apercibimos de que su incumplimiento podía conllevar sanciones severas, incluyendo la suspensión de la profesión. El término concedido venció y el letrado no compareció.

Según consta en la *Certificación* emitida por el PECJ el 9 de febrero de 2021, el licenciado Colón Rivera continúa en incumplimiento de los requisitos de educación jurídica continua para el periodo 2017-2020 y no ha pagado la correspondiente multa por cumplimiento tardío.

II

El Código de Ética Profesional recoge las normas de conducta que rigen a los miembros de la profesión legal en nuestra jurisdicción. In re Archevald Mantilla, 2020 TSPR 98, 205 DPR __ (2020); In re Aldea Irrizarry, 2020 TSPR 91, 204 DPR __ (2020); In re López Santos, 194 DPR 960 (2016). El Canon 2 de este Código, 4 LPRA Ap. IX, dispone que los abogados deben mantener un alto grado de excelencia y competencia en su profesión a través del

estudio y la participación en programas educativos de mejoramiento profesional con el fin de promover el objetivo de representación legal adecuada para toda persona. In re Díaz Guerrero, 2020 TSPR 138, 205 DPR__ (2020).

Para viabilizar el cumplimiento de este objetivo, adoptamos el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. Dicho Reglamento dispone, entre otras cosas, que todos los abogados activos deben tomar por lo menos veinticuatro horas créditos en educación continua, acreditados cada tres años.

En múltiples ocasiones hemos reiterado que incumplir con los requerimientos del PEJC refleja una falta al deber de excelencia y competencia impuesto por el Canon 2 del Código de Ética Profesional, supra. In re Pizá Ramos, 2020 TSPR 92, 204 DPR__ (2020); In re Landrón Hernández, 201 DPR 1086 (2019); In re Cabán Arocho, 198 DPR 1112 (2017).

A su vez, el Canon 9 de Ética Profesional, supra, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". In re Cintrón Rodríguez, 2020 TSPR 115, 205 DPR __ (2020); In re Vázquez Lagomarsini, 2020 TSPR 139, 205 DPR __ (2020). Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Lugo Quiñones, 2021 TSPR

01, __ DPR __ (2021); In re Crespo Peña, 195 DPR 318 (2016); In re Nieves Nieves, 181 DPR 25 (2011).

De igual modo, desatender los requerimientos de este Tribunal constituye una infracción del Canon 9 de Ética Profesional, supra. In re Lezcano Vargas, 2020 TSPR 140, 205 DPR __ (2020); In re Cintrón Rodríguez, supra; In re López Méndez, 196 DPR 956 (2016). Por ello, en el momento en que un abogado falla en responder de forma oportuna y diligente a nuestras órdenes procede la suspensión inmediata e indefinida del ejercicio de la abogacía. In re Guzmán, 2020 TSPR 159, 205 DPR __ (2020); In re Lezcano Vargas, supra.

III

El licenciado Colón Rivera reiteradamente desatendió su obligación de cumplir con los requisitos de educación continua y los requerimientos del PEJC. Surge del expediente que, a pesar de que le hemos concedido varias oportunidades para que cumpla con los requerimientos del PEJC y de este Tribunal, este no ha cumplido con los mismos ni ha solicitado el cambio de estatus a abogado inactivo en el Registro Único de Abogados y Abogadas de Puerto Rico. En múltiples ocasiones le apercibimos de que cualquier incumplimiento futuro podría dar paso a sanciones, incluyendo la suspensión de la práctica de la profesión legal.

Así pues, ante el incumplimiento del licenciado Colón Rivera con las horas crédito de educación jurídica

continua, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Pablo Colón Rivera. Como consecuencia, se le impone a este el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Pablo Colón Rivera. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pablo Colón Rivera

TS-17,699

SENTENCIA

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Pablo Colón Rivera. Como consecuencia, se le impone a este el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Pablo Colón Rivera. El recibo de dicha notificación será confirmado por vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo