EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--|
| Rebecca Martínez Jiménez | 2021 TSPR 61<br><br>206 DPR _____ |

Número del Caso: TS-14,576

Fecha: 3 de mayo de 2021

Sra. Rebecca Martínez Jiménez:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcda. María Cecilia Molinelli González
      Directora Ejecutiva

Materia: La suspensión será efectiva el 4 de mayo de 2021, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Rebecca Martínez Jiménez
                              TS-14,576


PER CURIAM

En San Juan, Puerto Rico, a 3 de mayo de 2021.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica que desatendió nuestras órdenes y los requerimientos del Programa de Educación Jurídica Continua (PEJC).

I

La Lcda. Rebecca Martínez Jiménez fue admitida al ejercicio de la abogacía el 19 de agosto de 2003 y prestó juramento como notaria el 11 de febrero de 2004. El 18 de diciembre de 2013 el Programa de Educación Jurídica Continua (PEJC), nos presentó un *Informe sobre Incumplimiento con el Requisito de Educación*

*Jurídica Continua*, en el cual informó que la letrada no había cumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo 2011-2013. Además, refirió a nuestra atención que el 22 de noviembre de 2013 el PEJC le envió a la licenciada Martínez Jiménez un *Aviso de Incumplimiento* otorgándole, entre otras alternativas, sesenta días adicionales para completar los requisitos reglamentarios para el periodo 2011-2013 y pagar la multa por cumplimiento tardío, a tenor del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. El término venció y la letrada no cumplió con lo requerido.

La abogada tampoco cumplió con los requisitos del Programa para el periodo 2013-2016, por lo que también se le notificó el correspondiente *Aviso de Incumplimiento*. Así, debido a que transcurrió un periodo razonable sin que la abogada cumpliera con lo requerido, el 9 de enero de 2019 emitimos una Resolución concediéndole un término de veinte días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía por su incumplimiento con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

El 30 de enero de 2019 la licenciada Martínez Jiménez compareció ante nos y solicitó un término de diez días para completar los requisitos de educación jurídica continua. Examinada la comparecencia, le concedimos un término de

treinta días para que cumpliera con todos los requerimientos del PEJC y presentara la correspondiente certificación de cumplimiento. Ante ello, la letrada volvió a incumplir. Por eso, mediante Resolución, le concedimos un **término final** de diez días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión.

Transcurrido el término sin que la abogada cumpliera la orden, le concedimos, en dos ocasiones, términos adicionales para que cumpliera con lo requerido. Posteriormente, a través de una *Moción en Cumplimiento de Orden*, la licenciada nos solicitó un término de noventa días para el pago de las multas impuestas por cumplimiento tardío, ascendentes a $300. Examinada la moción, emitimos una Resolución en la que le concedimos un término de veinte días para el pago de las multas correspondientes a los periodos de 2007-2009, 2009-2011, 2011-2013 y 2013-2016 y la multa impuesta según la Regla 32(D) del Reglamento del Programa de Educación Jurídica Continua, <u>supra</u>.

En vista de que la letrada nuevamente no cumplió, le concedimos un término adicional para que cumpliera con nuestra Resolución. El 21 de febrero de 2020 la licenciada Martínez Jiménez nos solicitó un término de treinta días para el pago de las multas. Consecuentemente, en esa ocasión le concedimos un término **final e improrrogable** de sesenta días para que cumpliera con nuestra anterior Resolución. Además, le apercibimos de que su incumplimiento podría

conllevar sanciones severas, incluyendo la suspensión de la abogacía.

Tardíamente, la letrada compareció y nos indicó que pagó la cantidad de $300 en concepto de multas. Sin embargo, el 23 de octubre de 2020 el PEJC nos certificó que la licenciada Martínez Jiménez no cumplió con los requisitos reglamentarios de Educación Continua para el periodo 2016-2019, ni pagó la correspondiente multa por cumplimiento tardío. Por eso, el 27 de octubre de 2020 emitimos Resolución en la que le concedimos un término de treinta días para que **cumpliera con todos los requerimientos del PEJC y presentara certificación de cumplimiento.** Una vez más le apercibimos de que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía y la notaría.

El término concedido venció y la letrada no compareció. El 9 de marzo de 2021 el PEJC emitió una *Certificación* en la que nos indicó que la letrada cumplió con las horas créditos para el periodo 2016-2019, pero no así con el pago de la multa por cumplimiento tardío. Entonces, el 18 de marzo de 2021, mediante Resolución, le concedimos a la licenciada Martínez Jiménez un **término final e improrrogable** de treinta días para que certificara el pago de la multa adeudada por cumplimiento tardío. También le apercibimos que su incumplimiento podría acarrear medidas disciplinarias, incluyendo la suspensión de la profesión legal.

Una vez más, la letrada no compareció dentro del término provisto. Posteriormente, el PEJC a través de *Certificación* nos informó que la licenciada Martínez Jiménez no ha pagado la multa adeudada por cumplimiento tardío.

II

Entre los deberes de los miembros de la profesión legal se encuentra observar una conducta de respeto para con los tribunales. Véase, Código de Ética Profesional, 4 LPRA Ap. IX, C.9. Comparecer en tiempo a los señalamientos, las órdenes y los requerimientos notificados por el tribunal es parte indispensable del respeto que deben tener los abogados hacia el foro judicial. In re Lugo Quiñones, 2021 TSPR 02, 205 DPR __ (2021). De igual modo, se exige que los abogados atiendan pronta y diligentemente las órdenes de este Tribunal. In re Colón Rivera, 2021 TSPR 19, 206 DPR __ (2021); In re Rosa Rivera, 2021 TSPR 18, 206 DPR __ (2021); In re Lugo Quiñones, supra. Por ello, desatender nuestros requerimientos constituye una infracción del Canon 9 de Ética Profesional, supra, y un serio agravio a nuestra autoridad. In re Torres Viera, 2021 TSPR 36, 206 DPR __ (2021); In re Colón Rivera, supra.

El deber que tienen los abogados de cumplir con nuestras órdenes requiere la más estricta observancia y rapidez, particularmente cuando se trata de procedimientos disciplinarios. In re Venegas Martínez, 2021 TSPR 28, 206 DPR __ (2021); In re Bermúdez Tejero, 2021 TSPR 8, 205 DPR __ (2021); In re Cintrón Rodríguez, 2020 TSPR 115, 205 DPR __

(2020). Este deber también se extiende a los requerimientos de nuestros funcionarios y organismos, como lo es el Programa de Educación Jurídica Continua. In re Torres Viera, supra; In re Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020); In re Archevald Mantilla, 2020 TSPR 98, 205 DPR __ (2020).

En lo pertinente al asunto que nos ocupa, la Regla 30 del Reglamento de Educación Jurídica, supra, requiere que aquellos profesionales del Derecho que cumplan tardíamente los requisitos del PEJC presenten un informe con las razones de su incumplimiento y paguen una multa por cumplimiento tardío. Por ende, incumplir con esa obligación, así como desatender nuestros requerimientos, es motivo para sanciones disciplinarias. In re Pizá Ramos, 2020 TSPR 92, 204 DPR __ (2020); In re Contreras Moreno, 2020 TSPR 73, 204 DPR __ (2020).

No cabe duda de que ante la desatención de un letrado a nuestras órdenes, procede que se le suspenda inmediata e indefinidamente de la práctica legal. In re Bermúdez Tejero, supra; In re Guzmán, 2020 TSPR 159, 205 DPR __ (2020); In re Lezcano Vargas, 2020 TSPR 140, 205 DPR __ (2020).

III

La licenciada Martínez Jiménez reiteradamente desatendió su obligación de cumplir con los requisitos de educación continua y los requerimientos del PEJC. Surge del expediente que, a pesar de que le hemos concedido varias oportunidades para que cumpla con los requerimientos del PEJC y de este Tribunal, esta no ha cumplido con los mismos

en su totalidad ni ha solicitado el cambio de estatus a abogada inactiva en el Registro Único de Abogados y Abogadas de Puerto Rico. No lo hizo a pesar de que reiteradamente le apercibimos de las consecuencias que su incumplimiento podría acarrear.

Así pues, el comportamiento de la licenciada Martínez Jiménez se distancia de la conducta de respeto hacia los tribunales que se exige a todos los miembros de la profesión legal. Ante su incumplimiento tanto con los requisitos reglamentarios del Programa de Educación Jurídica Continua como con nuestras órdenes, nos vemos obligados a suspenderla indefinidamente del ejercicio de la profesión legal.

## IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaria de la Lcda. Rebecca Martínez Jiménez. Como consecuencia, se le impone a esta el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados

a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Martínez Jiménez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Rebecca Martínez Jiménez. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rebecca Martínez Jiménez                TS-14,576

SENTENCIA

En San Juan, Puerto Rico, a 3 de mayo de 2021.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaria de la Lcda. Rebecca Martínez Jiménez. Como consecuencia, se le impone a esta el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo

vigente. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Martínez Jiménez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Rebecca Martínez Jiménez. El recibo de dicha notificación será confirmado por vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                           Secretario del Tribunal Supremo